# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LEIGH ANN JACKSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EILEEN A. GASPAR, an individual; PROFESSIONAL PLAN ADMINISTRATORS, INC., a California corporation; and PROFESSIONAL PENSION ADMINISTRATORS, INC., a California corporation,<br><br>Defendant. | No. 2:19-CV-10450-DOC (Ex)<br><br>**JUDGMENT**<br><br>Discovery Cutoff Date: April 2, 2021<br>Pretrial Conference Date: July 26, 2021<br><br>Complaint filed:  December 10, 2019<br>Trial Date:          September 28, 2021 |

On June 14, 2021, the Court entered an Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment (the "Order"). [Dkt. 113].

A bench trial was subsequently conducted on September 28, 29, and October 5, 2021 to determine nominal defendant Professional Pension Administrators, Inc.'s ("PPA I") and Plaintiff Leigh Ann Jackson's remedies . On November 18, 2021, the Court issued its Findings of Fact and Conclusions of Law. [Dkt. 190]. Based on the Findings and Facts and Conclusions of Law by this Court, the Court enters judgment as follows:

1.  Judgment is GRANTED in favor of Jackson and against Defendants Retirement Service Group, Inc., f/k/a Professional Plan Administrators, Inc. ("PPA II") and Eileen A. Gaspar ("Gaspar") (collectively, "Defendants") as to all causes of action asserted against each of them in the Complaint.

2.  PPA I is awarded $25,000 in royalties as actual damages against PPA II and Gaspar, jointly and severally. Jackson is awarded $12,500, or 50% of such an award, based upon her individual interest in PPA I, jointly and severally against PPA II and Gaspar.

3.  PPA I is awarded $15,725 in actual damages resulting from Gaspar's breach of fiduciary duty to PPA I. Jackson is awarded $7,862.50, or 50% of such an award, based upon her individual interest in PPA I, against Gaspar.

4.  PPA I is awarded $5,000 in statutory damages against PPA II and Gaspar, jointly and severally, pursuant to 15 U.S.C. § 1117(d) as a result of Defendants' violation of 15 U.S.C. § 1125(d)(1). Jackson is awarded $2,500, or 50% of such an award, based upon her individual interest in PPA I, jointly and severally against PPA II and Gaspar.

5.  Jackson is awarded $60,000.00 in damages against Gaspar in her individual capacity as a result of Gaspar's breach of fiduciary duty to her.

6. Within three court days of the Court's entry of this Judgment, Defendants shall cancel the registration of the domain name: PPA401K.COM.

7. Defendants and their officers, directors, employees, representatives, agents, related companies, affiliates, successors, assigns, or others acting in concert with or on their behalf are permanently enjoined and restrained from:

    i. using any intellectual property owned by PPA I in any capacity, and in particular: (1) the "PPA" trademark; (2) the "Professional Plan Administrators" trade name; (3) PPA I's logo; and (4) Professional Pension Administrators, Inc.'s design mark, or any intellectual property that is confusingly similar thereto; and

    ii. using any false designation of origin, false description, or performing any act that is likely to lead members of the public or customers to believe that any goods or services marketed, sold, or offered for sale by Defendants are marketed, sold, offered for sale, manufactured, licensed, sponsored, approved, or authorized by PPA I.

8. Any request by the parties for an award of attorneys' fees, costs and/or related nontaxable expenses shall be made pursuant to any applicable statute, Federal Rule of Civil Procedure and/or Local Rule.

Date: __December 6, 2021__     _[signature]_
                                        **HON. DAVID O. CARTER**
                                        **UNITED STATES DISTRICT COURT JUDGE**